IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-02534-NYW-STV

MGA HOME HEALTHCARE COLORADO, LLC,

    Plaintiff,

v.

SHEA THUN,

    Defendant.

## ORDER

This matter is before the Court on two motions:

(1)    Plaintiff MGA Home Healthcare Colorado, LLC's ("MGA" or "Plaintiff") Motion for Leave to File a Verified First Amended Complaint for Preliminary and Permanent Injunction ("Motion to Amend" or "Motion") [Doc. 28, filed January 27, 2023]; and

(2)    Defendant Shea Thun's ("Mr. Thun" or "Defendant") Motion for Declaratory Judgment Related to Superseding Agreement ("Motion for Declaratory Judgment" and, collectively, the "Motions") [Doc. 39, filed April 3, 2023].

Upon review of the Motions, the related briefing, and the applicable case law, the Motion to Amend is respectfully **DENIED as moot**, and the Motion for Declaratory Judgment is respectfully **DENIED**.

## BACKGROUND

**I.    Factual Background**

This case arises out of the former employment relationship between MGA and Mr. Thun.

*See* [Doc. 1].  As alleged in the Complaint, Mr. Thun was employed as a Lead Client Service Manager at MGA from July 2018 to February 2022.  [*Id.* at ¶¶ 9–10, 21].  In that role, Mr. Thun "was privy to MGA's highly confidential information, trade secret, employee compensation, customer contact, and service pricing information."  [*Id.* at ¶ 10].  Mr. Thun's Employment Agreement contained provisions to protect MGA's confidential information during the course of his employment and after it ended, including that, for 12 months after his employment ended, he would not solicit any of MGA's customers or employees ("Restrictive Covenants").  [*Id.* at ¶¶ 11–14].  When Mr. Thun was terminated in February 2022, he signed a Severance Agreement wherein he agreed that he did not possess or control any of MGA's property, he was complying with the Restrictive Covenants in his Employment Agreement, and he would continue to do so.  [*Id.* at ¶ 22].

MGA alleges that, "[d]espite the express terms of the Employment Agreement and [Mr.] Thun's reaffirmation and acknowledgement of those terms in the Solicitation Agreement, [Mr.] Thun has solicited MGA's employees and customers while working for" his new employer, Amazing Care Home Health Services, LLC ("Amazing Care").  [*Id.* at ¶¶ 23–24].  Specifically, MGA claims that it

> received a text message from a caregiver explaining that she was offered a position at Amazing Care by Mr. Thun. Thun offered the caregiver a wage of $19.50 per hour, a higher rate than offered by MGA and the caregiver left MGA's employment and is now working for Amazing Care.

[*Id.* at ¶ 28].  MGA also alleges that Mr. Thun "never responded" to two cease-and-desist letters.  [*Id.* at ¶¶ 25, 27].

In the Complaint, MGA asserts three claims against Mr. Thun: (1) violation of the Defend Trade Secrets Act ("DTSA"), 18.U.S.C. § 1839 (Count I); (2) violation of the Colorado Uniform Trade Secrets Act ("CUTSA"), Colo. Rev. Stat. § 7-74-101, *et seq.* (Count II); and (3) breach of

2

contract (Count III). [*Id.* at 8–12]. MGA seeks monetary and injunctive relief in the form of an order directing Mr. Thun to return MGA's confidential information, prohibiting him from using that confidential information further, and requiring him to provide a list of all MGA patients he contacted since his termination. [*Id.* at 12–13].

## II. Procedural Background

MGA initiated this civil action against Mr. Thun on September 28, 2022 by filing the Complaint, [Doc. 1], and a Motion for Preliminary Injunction ("PI Motion"), [Doc. 2]. On November 21, 2022, the Court held a telephonic status conference regarding the PI Motion, where the Parties indicated that they had been, or were intending to, engage in settlement discussions. *See* [Doc. 15 at 1]. However, if the Parties were unable to resolve the case by December 7, 2022, the Court directed them to include in their proposed Scheduling Order a briefing schedule for the PI Motion. [*Id.* at 1–2]. After the Parties were unable to reach a settlement, they agreed that Defendant's response to the PI Motion would be due on January 13, 2023, and Plaintiff's reply brief would be due on January 27, 2023. [Doc. 25 at 11–12]. Accordingly, Mr. Thun responded to the PI Motion on January 12, 2023, [Doc. 27], and MGA replied on January 27, 2023, [Doc. 29]. The same day, MGA filed the instant Motion to Amend. [Doc. 28].

On February 7, 2023, the Court held a hearing where it set a briefing schedule on the Motion to Amend, and an evidentiary hearing on the PI Motion for April 14, 2023. *See* [Doc. 31]. However, MGA ultimately withdrew the PI Motion. *See* [Doc. 37; Doc. 41]. Mr. Thun responded to the Motion to Amend on February 17, 2023, [Doc. 33], and MGA replied on March 3, 2023. [Doc. 34].[1] Mr. Thun filed the Motion for Declaratory Judgment on April 3, 2023, which is also fully briefed. *See* [Doc. 39; Doc. 44; Doc. 47]. The Motions are thus ripe for disposition.

---

[1] At a Scheduling Conference on May 4, 2023, the Parties agreed to a deadline of June 16, 2023

3

**LEGAL STANDARDS**

**I.     Rule 15(a)**

When, as here, a party seeks to amend pleadings before the deadline set in the Scheduling Order, the Court considers whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240–42 (10th Cir. 2014); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *See Pumpco*, 204 F.R.D. at 668; *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).  The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases.  *See Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003). Whether to allow amendment is within the trial court's discretion.  *Burks v. Okla. Publ'g Co.,* 81 F.3d 975, 978–79 (10th Cir. 1996).

**II.    Rule 57**

Rule 57 of the Federal Rules of Civil Procedure provides:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

Fed. R. Civ. P. 57.  But it is well-settled that the Declaratory Judgment Act, and Rule 57, do not provide an independent federal cause of action or create any additional substantive rights.  *See*

---

to amend their pleadings.  [Doc. 45 at 11; Doc. 49 at 11].

4

*Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022) (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–74 (1950) (describing "limited procedural purpose of the Declaratory Judgment Act")); *Martinez v. Wal-Mart*, No. 6:17-CV-01199-EFM-GEB, 2017 WL 5731502, at *3 n.23 (D. Kan. Nov. 28, 2017).

## ANALYSIS

**I.     Motion to Amend**

MGA seeks to amend the operative Complaint, [Doc. 1], with respect to five allegations. *See* [Doc. 28]. Specifically, MGA seeks to revise its allegation in Paragraph 27, from stating that Mr. Thun "never responded" to a cease-and-desist letter, to stating that, "[a]lthough there was a response from Thun's employer, Amazing care, Thun himself never responded." [Doc. 28-3 at ¶ 27].[2] MGA also seeks to remove, from Paragraph 28, its allegation that the caregiver/employee "left MGA's employment and is now working with Amazing Care," and replace it with the allegation that "[w]hile MGA was able to salvage the relationship with [the employee], MGA had to increase her wages as a direct result of [Defendant's] solicitation." [*Id.* at ¶ 28]. MGA further seeks to add the following three allegations regarding Mr. Thun's further solicitation activities:

> 29. On or about September 7, 2022, Thun enticed another caregiver/employee, "H.P.," to leave MGA and join Amazing Care. After approximately one month with Amazing Care, H.P. opted to return to MGA. However, while H.P. was associated with Amazing Care (September 7, 2022 to October 9, 2022), MGA lost revenue in excess of $10,000.
>
> 30. On or about late September or early October, 2022, Thun had been continuously reaching out to the father of two MGA patients who are twins (the "M-Twins"). After peppering the father with numerous conversations, Thun eventually persuaded him to transition to Amazing Care. To date, the loss of the M-Twins has cost MGA revenue in excess of $100,000.

---

[2] MGA attaches two copies of the Verified First Amended Complaint for Preliminary and Permanent Injunction ("First Amended Complaint"). [Doc. 28-2; Doc. 28-3].

> 31. Upon information and belief, Thun solicited additional MGA clients and/or employees in violation of his agreements with MGA.

[*Id.* at ¶¶ 29–31].  To support its amendment request, MGA asserts that it believes it may amend the Complaint "as a matter of course" under Rule 15(a) "given that an answer or other responsive filing under Fed. R. Civ. P. 12 has not yet been filed by Defendant (as agreed by the parties and the Court)," but nevertheless filed the instant Motion "out of an abundance of caution" because Mr. Thun's counsel stated that he opposes an amendment.  [Doc. 28 at 1].  MGA further contends that this case is in its early stages, it has not made any prior amendments to the Complaint, and Mr. Thun will not be prejudiced by an amendment to the Complaint.  [*Id.* at 3].  To that end, MGA does not seek to amend any of the causes of action.  *See* [Doc. 28-3].

The Court first addresses MGA's assertion that it may amend its Complaint as a matter of course under Rule 15(a).  Rule 15 of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B).  Here, Plaintiff filed the Motion to Amend, and the proposed Amended Complaint, more than 21 days after Defendants waived service of the Complaint. *Compare* [Doc. 16] *with* [Doc. 28].

"The case law interpreting the[] two sections of Rule 15(a)(1) is unsettled as to whether a plaintiff may amend a complaint as of right more than twenty-one days after service of the complaint under Rule 15(a)(1)(B) when the defendants [have not filed] a responsive pleading or Rule 12 motion."  *Ramos v. Poore*, No. 3:15-cv-518 (VAB), 2017 WL 1362017, at *2 (D. Conn. Apr. 11, 2017).  Indeed, there appears to be a split of authority on this issue, with many District courts holding that a plaintiff may amend his or her complaint once as a matter of right at any time prior to the filing of a responsive pleading, and an equal number of District courts concluding that

6

the opportunity to amend as a matter of right under Rule 15(a)(1)(A) lapses 21 days after service of the pleading, even if a responsive pleading has yet to be filed. *Compare, e.g.*, *Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 359 (N.D.N.Y. 2020) ("[W]hen a responsive pleading is required[,] there is no 'time gap' during which a party cannot amend as a matter of course when no responsive pleading or motion under 12(b), (e), or (f) has been filed.") *and Croucier v. Credit One Bank, N.A.*, No. 18-cv-20-MMA (JMA), 2018 WL 2836889, at *2 (S.D. Cal. June 11, 2018) ("Where a responsive pleading is required, the 21-day deadline to amend is not triggered until service of a responsive pleading or Rule 12 motion.") *with Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049, at *2 (D. Kan. Apr. 28, 2020) ("[A] party may amend its pleadings as a matter of course in one of two ways: (A) first, within 21 days after serving the pleading, or (B) second, within 21 days of service of a responsive pleading. . . . *Outside those periods*, any amendment to the pleadings requires the opposing party's written consent or the court's leave." (emphasis added)) *and Hancock Whitney Corp. v. Bourgeois*, No. CV 20-00028-BAJ-SDJ, 2020 WL 4231575, at *1 (M.D. La. July 23, 2020) ("Rule 15(a)(1)(A) sets a separate deadline from Rule 15(1)(a)(B); thus, if the Plaintiff does not amend the complaint within 21 days of when it was served, Plaintiff deprives itself of the opportunity to do so, unless it obtains leave of court or unless Defendant files a responsive pleading, which would then trigger another 21-day period for Plaintiff to amend the Complaint.").

The Tenth Circuit has not addressed this issue. Meanwhile, courts in this District have interpreted Rule 15 both ways. *See, e.g.*, *Gentry v. Nat'l Multi List Serv. Inc.*, No. 14-cv-00858-PAB-KMT, 2015 WL 6751103, at *2 (D. Colo. Nov. 5, 2015) (relying on the Advisory Committee's statement that Rule 15(a)(1) was not intended "to create a gap that suspends and then revives the right to amend once as a matter of course" (quoting Hon. Mark R. Kravitz, *Report of*

7

*the Civil Rules Advisory Committee*, at 56 (May 9, 2008) [hereinafter the "May 2008 Report"], *available at* https://www.uscourts.gov/sites/default/files/fr_import/CV06-2008.pdf); *Harris v. Romero*, No. 20-cv-01396-RM-NYW, 2021 WL 1169985, at *7 (D. Colo. Mar. 29, 2021) ("Plaintiffs did not file their proposed Amended Complaint as a matter of right, because such an amended pleading must be filed within 21 days after serving the original pleading, or within 21 days after the service of a motion pursuant to Rule 12(b).")

This Court has previously interpreted Rule 15 to include two discrete time periods that permitted one amendment as a matter of course: (1) one period that opens upon service of the original pleading and closes 21 days after that service; and (2) one period that opens after the service of a responsive pleading or motion under Rule 12(b), (e), or (f) and lasts 21 days after such service—potentially resulting in a gap in between those times periods. *See* Order and Recommendation of United States Magistrate Judge at 3–5, *Funk v. Foothills Glass, LLC*, No. 21-cv-03336-PAB (D. Colo. Apr. 19, 2022), ECF No. 18. But upon further analysis of the Advisory Committee's May 2008 Report at pages 54–56, and consideration of *Gentry* and *Merrill v. Cont. Freighters, Inc.*, No. 19-cv-02309-CMA-SKC, 2019 WL 10744870, at *2 (D. Colo. Dec. 19, 2019), this Court concludes that the correct interpretation of Rule 15 is to consider each prong of Rule 15(a)(1) applies to a different circumstance, and sets an outer deadline for a single amendment as a matter of course.

With the 2009 amendments to Rule 15, the Advisory Committee made clear that it was focused upon when the right to amend "terminates." May 2008 Report at 54–55. In the case where the pleading is one for which a responsive pleading is required, allowing 21 days after the service of a motion filed under Rule 12(b), (e), or (f) *or* a responsive pleading "force[s] the pleader to consider carefully and promptly the wisdom of amending[.]" *Id.*; *see also* Fed. R. Civ. P. 15(a)

8

advisory committee's note to 2009 amendment (noting the right to amend in response to a responsive pleading "is subject to the same 21-day limit as the right to amend in response to a motion"). And in the case where a pleading was one to which a responsive pleading was not required (*e.g.*, an answer), the deadline for filing a single amendment as a matter of course is 21 days after the service of the original pleading, thus allowing the pleader to consider "issues that the original pleader had not considered and persuade the pleader that amendment is wise." May 2008 Report at 55; Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. The *Gentry* and *Merrill* courts recognized each was a contiguous time period with a defined outer deadline.[3]  *See Gentry*, 2015 WL 6751103, at *2; *Merrill*, 2019 WL 10744870, at *2.

Thus, based on this interpretation of Rule 15(a), MGA was permitted to file one amendment to its Complaint—a pleading to which a responsive pleading or motion is required—as a matter of course on or before 21 days after the filing of a responsive pleading or motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(B). No such responsive pleading or motion has been filed, and thus, the deadline for MGA to file one amendment as a matter of course has not yet expired. Accordingly, this Court construes the proposed First Amended Complaint accompanying Plaintiff's Motion to Amend, [Doc. 28-2], as filed as a matter of right; **DENIES** Plaintiff's Motion to Amend **as moot**; and **DIRECTS** the Clerk of the Court to **DOCKET** [Doc. 28-2] as the First Amended Complaint.[4]

---

[3] As discussed by the *Gentry* court, this interpretation is consistent with a proposed (but rejected) stylistic revision to the language that would have clarified that the two prongs of Rule 15(a)(1) applied to different types of pleadings. *See Gentry*, 2015 WL 6751103, at *2.

[4] This Court notes that Mr. Thun objected to the proposed amendments only in Paragraphs 28, 29 and 30 of the First Amended Complaint on the grounds that Plaintiff's Motion is filed in bad faith, is prejudicial, is futile, and untimely. *See* [Doc. 33 at 1]. But he cites no authority to support that this Court, when considering a Motion to Amend, should focus upon whether specific *factual* allegations are futile. *See generally* [Doc. 33]. Indeed, the futility doctrine is directed to whether *claims for relief* are viable based on the facts alleged. *See United States ex rel. Barrick v. Parker-*

## II. Motion for Declaratory Judgment

In his Motion for Declaratory Judgment, Mr. Thun seeks to "clarify the legal rights and obligations of the Parties, and would facilitate a prompt and just resolution of this matter." [Doc. 39 at 1]. The Motion contains arguments with respect to the interpretation of the Parties' Employment Agreement and Severance Agreement, arguing that they are each unambiguous and that the Severance Agreement modifies, limits, and replaces the Employment Agreement. [*Id.* at 2–6]. As set forth above, the Declaratory Judgment Act and Rule 57 do not create an independent federal cause of action or additional substantive rights. *See Nero*, 2022 WL 14423872, at *2. Mr. Thun has not asserted any causes of action against MGA, and he cites no authority that would suggest that Rule 57 authorizes the Court to act in the manner suggested. *See generally* [Doc. 39]. The Motion for Declaratory Judgment is the improper vehicle for the relief that Mr. Thun seeks, and this Court respectfully declines to reframe Defendant's arguments on his behalf. *See United States v. Davis,* 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself"); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants). Accordingly, the Motion for Declaratory Judgment is **DENIED**.

---

*Migliorini Int'l*, LLC, 878 F.3d 1224, 1230 (10th Cir. 2017) (explaining that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal"); *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (considering the sufficiency of the claims that plaintiff sought to add in its amended pleading). At the core, Defendant's objections to the specific paragraphs are the type of fact-driven analysis that courts decline to perform when considering whether a plaintiff has met its pleading burden. *Cf. Tal v. Hogan*, 453 F.3d 1244, 1266 (10th Cir. 2006) ("Rule 12(b)(6) motions to dismiss are not designed to weigh evidence or consider the truth or falsity of an adequately pled complaint.").

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to File a Verified First Amended Complaint for Preliminary and Permanent Injunction [Doc. 28] is **DENIED as moot**;

(2) The Clerk of the Court is **DIRECTED to DOCKET** [Doc. 28-2] as the First Amended Complaint;

(3) Defendant's Motion for Declaratory Judgment Related to Superseding Agreement [Doc. 39] is **DENIED**.

DATED: May 23, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge